## McGlone v. Midwestern Group
*[Cite as 2 AOA 685]*

*Case No. CA89-09-083*
*Clermont County, (12th)*
*Decided March 26, 1990*

*R.C. 3929.25*

*Dennis A. Becker, 22 West Ninth Street, Cincinnati, Ohio 45202, for plaintiffs-appellants.*

*Ely & True, Gary D. Ostendarp, 322 Main Street, Batavia, Ohio 45103, for defendant-appellee.*

**Per Curiam.**

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Clermont County Court of Common Pleas, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

"Plaintiffs-appellants, Ronald S. McGlone and Francis McGlone, appeal from a decision by the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Midwestern Group Insurance Company (hereinafter "Midwestern Group"), and denying a motion for summary judgment by the McGlones."

The McGlones commenced the action for declaratory judgment in the trial court to recover a sum they claimed was due them under a fire insurance policy they had purchased from Midwestern Group. The trial court, construing R.C. 3929.25 and the policy itself, determined that the McGlones had already received the full amount to which they were entitled under the policy. The court thus concluded that there were no genuine issues as to any material fact and that Midwestern Group was entitled to judgment as a matter of law. Civ. R. 56(C).

The facts indicate that the McGlones purchased a fire insurance policy from Midwestern Group in 1987 to cover a dwelling situated on their farm property in New Richmond, Ohio. The policy provided $35,000 in coverage for the property and contained the following clause:

"5. Loss Settlement. Covered property losses are settled as follows:
"***
"c. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
"(1) If at the time of loss the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately prior to the loss, we will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:
"(a) the limit of liability under this policy applying to the building;
"(b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or

"(c) the amount actually and necessarily spent to repair or replace the damaged building.

"(2) If at the time of loss the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately prior to the loss, we will pay the larger of the following amounts, but not exceeding the limit of liability under this policy applying to the building:

"(a) the actual cash value of that part of the building damaged; or

"(b) that proportion of the cost to repair or replace, without deduction for depreciation, of that part of the building damaged, which the total amount of insurance on this policy on the damaged building bears to 80% of the replacement cost of the building.
"***

"(4) When the cost to repair or replace the damage is more than $1000 or more than 5% of the amount of insurance in this policy on the building, whichever is less, we will pay no more than the actual cash value of the damage until actual repair or replacement is completed.

"(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis."

On February 7, 1988, the dwelling was totally destroyed by fire. Midwestern Group sent an adjuster who surveyed the damage, setting the amount of loss at $23,585.87, which represented the actual cash value of the dwelling. The McGlones were paid this amount in April 1988 and, on their request, were granted a six-month extension within which to make an additional claim for repair or replacement costs. However, the McGlones did not undertake to replace the dwelling.

The McGlones then sought the difference between the amount paid to them and the $35,000 for which the dwelling was insured. The basis of their claim was that, under statutory law, they were entitled to receive the full amount of the insurance since they had sustained a total loss. When Midwestern Group denied their claim, this action was commenced.

The McGlones have filed the instant appeal, raising a sole assignment of error:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS IN OVERRULING ITS [sic] MOTION FOR SUMMARY JUDGMENT AND GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT [-] APPELLEE."

R.C. 3929.25, known as the "valued policy" statute, states, in its entirety:

"A person, company, or association insurance any building or structure against loss or damage by fire or lightning, by renewal of a policy, shall have such building or structure examined by his or its agent, and a full description thereof made, and its insurance value fixed, by said agent. In the absence of any change increasing the risk without the consent of the insurers, and in the absence of intentional fraud on the part of the insured, *in the case of total loss the whole amount mentioned in the policy or renewal, upon which the insurer received a premium, shall be paid. If, however, the policy of insurance, by its express terms, permits the policyholder to recover the full cost of repair, or replacement, of the building or structure, without deduction for depreciation or obsolescence, up to the limits of the policy in the event that the building or structure is in fact repaired or replaced, the amount of recovery for any loss under such a policy of insurance shall be as prescribed by the policy.*

"The cellar and foundation walls shall not be considered a part of such building or structure in settling losses, despite any contrary provisions in the application or policy." (Emphasis added.)

The McGlones argue that the second sentence of the statute applies here, since their loss was total. Thus, they allege that the statute requires Midwestern Group to pay them $35,000, regardless of the fact that they have not undertaken to rebuild.

Midwestern Group, on the other hand, asserts that regardless of whether the McGlones sustained a partial or total loss, the third sentence of R.C. 3929.25 should apply. Midwestern Group thus interprets that provision to mean that where the insurance policy contains a repair or replacement clause, the policy must supersede R.C. 3929.25 and the insured is only entitled to the amount permitted under the policy. Accordingly to Midwestern Group, the failure of the McGlones to repair or replace the damage means that they cannot recover the full amount for which the property was insured.

In support of its argument, Midwestern Group relies upon *Patterson* v. *Grange Mut. Cas. Co.* (1986), 27 Ohio Misc. 2d 28, which is the only case to interpret R.C. 3929.25 since its

amendment in 1980 to include the provision addressing repair/replace policies.

In *Patterson*, the Clermont County Court of Common Pleas held that the policy dictates the amount of recovery available to the insured, regardless of whether the loss is total or partial, so long as the policy contains repair/replace provisions. Thus, the court's understanding of R.C. 3929.25 was that payment of the total value for which the building was insured was only necessary where the insurance policy lacked a repair/replacement provision. *Id.* at 31. However, the *Patterson* decision rested heavily on the fact that the insured claimants had sustained only a partial loss – so that in any event the second sentence of R.C. 3929.25 would not have applied.

We cannot agree with Midwestern Group that the *Patterson* decision is an accurate interpretation of R.C. 3929.25. To us, the plain language of the statute suggests that a total loss will result in payments of the whole amount mentioned in the policy. Any other interpretation would render the second sentence futile, since insurance companies, seeking to avoid payment of the full amount, could simply include a repair/replace clause and deny full payment where the insured opts to avoid repair/replacement.

In addition, we observe that one meaning of "total loss" is that replacement costs would exceed the amount for which the property is insured; to deny the insured the full amount in that situation would prevent the insured from receiving the full amount except where he replaced the property. This result would work to the insured's detriment, since replacement costs beyond the full policy amount would have to be absorbed by the insured. We cannot agree that the legislature intended to so favor insurance companies that it created such an "all-or-nothing" coverage situation in R.C. 3929.25.

We thus hold that where an insured party sustains a total loss to property covered under a fire insurance policy and does not replace such property, that party is entitled to payment of the full face value of the policy, absent any change increasing the risk without the insurer's consent and absent intentional fraud on the part of the insured. R.C. 3929.25.

We note that the interpretation of the statute espoused by Midwestern Group and adopted by the trial court in the case at bar seems rational in light of the ambiguous language employed in the statute with regard to repair/replacement policies. Nevertheless, we cannot ignore the plain language of the second sentence of the statute allowing for full recovery where a total loss occurs. We thus sustain the McGlones' assignment of error on the basis that Midwestern Group was not entitled to prevail as a matter of law. The trial court's granting of summary judgment for Midwestern Group was therefore erroneous.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., Concur.